Case number 19-3054, Eastern Missouri, American Modern Home Insurance Company v. Aaron Thomas, et al. Mr. Crusher. Good afternoon, Your Honor. You may proceed. It pleases the Court. This is American Modern Home Insurance Company's appeal of the district court's order denying its motion for new trial. This was a bifurcated trial where American Modern sought no coverage for a suspicious fire for the Thomas's claim. The bifurcated trial also included a portion for the Thomas's counterclaim. Here, American Modern did not receive a fair trial. The district court excluded relevant evidence and also misstated the law that applied in a jury instruction in the first phase. And in the second phase, submitted a supplemental instruction to a jury question that was prejudicial and unnecessary. Looking at the supplemental jury instruction that is at issue in phase two, the jury instruction, supplemental instruction, was unnecessary, exceeded the scope of the jury question, was not neutral, and prejudiced American Modern. It undercut American Modern's closing argument. In the jury trials I've had, I have not had a trial court do what the district court here did here with this supplemental instruction. Well, counsel, I bet that you had more state, you don't have to answer this question, but I bet you had more state court where that's just not done in Missouri's approved instruction and total confined system. But in federal court, what's wrong with this is an accurate statement of Missouri law, vexatious refusal to pay denial or delay. That's an accurate statement of Missouri law, right? Well, it's an accurate statement of the case law, but the jury instruction that was submitted to the jury, MAI 10.08, instruction number seven, was approved by both parties. Both parties consented. There was no objection at the instruction conference. And during closing argument, there was no objection to the arguments advanced by American Modern as to the instruction that was provided. It was unnecessary for the court to provide any sort of supplemental instruction because MAI 10.08 was the proper instruction. If you look at the record, the district court perceived that there was an error in this instruction. This is at A2343 and 2349 of the appendix of the record here. The district court said that the record or the instruction rather was incorrect. And then this was not raised by either party's counsel. The district court then tried to address this perceived error in its supplemental instruction to a jury question that came after the case was submitted to the jury and during deliberations. Now, wait a second. I don't I don't read it as saying that it was air. I thought I thought the district court said it was incomplete. The district court said I thought refusal to pay was incorporated delay. But obviously, the jury was confused. So I'm going to add some clarification to it. Is there am I misreading it? Is there a spot where the district court comes out and says it's erroneous? Yes, Your Honor. A2343 and 2349. And both of those, the court states that she believed that the error that the instruction was an error. Okay, and that was not raised by either counsel that this instruction was consented to. There was no objection at the jury instruction conference. And if you look here, the court was trying to address this perceived error by trying to address it in the answer to the jury question in this supplemental instruction. The question from the jury was, can we get an interpretation of refusal to pay the Thomas's claim without reasonable cause or excuse? And that without reasonable cause or excuse was underlined by the jury. At no point was the jury instructed or told or argued that delay could not support unreasonable delay, could not support a verdict. This clarification by the court by providing this supplemental instruction was inappropriate and prejudicial. It was unnecessary. In fact, American Moderns Council tailored the closing argument to MAI 10.08 to that instruction. The court supplemental instruction was not within the scope of the jury's question. The district court ignored the jury's emphasis, the underlying portion without reasonable cause or excuse, and responded only to the scope of refusal to pay by adding in the term delay. This is the prejudice. This is the not neutral counsel. How can it be prejudicial even in M.A.I. system for the judge to say what the Missouri Supreme Court said in 1984? The Court of Appeals has said many times. Because here, when the question came from the jury, they were not asking about delay. Delay was not part of that agreed upon instruction. The court used the word delay in response, and delay was what was argued by American by the Thomas's counsel in closing argument. This response to the jury's question was the last words to the jury. There is significant influence in the court's response to this instruction using delay in that response. That is in focusing on the arguments by the Thomas's counsel. In the cases cited, including U.S. v. Oliver, when you have instructions provided to counsel for closing argument, and the counsel tailors their argument accordingly, and then you change that, you're essentially committing prejudice to the party where they're not able to raise that issue or correct it. There was no objection in the closing argument. Because the court's response to the instruction, or I'm sorry, because the court's supplemental instruction in response to the jury question was unnecessary and prejudicial, American modern essentially had its closing argument cut out from underneath it. What was the nature of the objection that you made? My reading of it was we had already agreed on the instruction. Therefore, judge, you shouldn't change it. But I don't read anything else being the basis of the objection. Is that is that a correct statement of the record? Well, and I believe the record does reflect the discussion at 82341 of the appendix. Yes, I objected that the original instruction was accurate. It was agreed upon. There was no objection and that the court should respond by informing the jury that they should follow the instructions and be guided by the instructions. So the objection itself was sufficient to the court to allow the court to address that issue and to make any changes there. But here, where you have closing argument done, and it's tailored to that language and instruction, it's prejudicial to then respond to a supplemental instruction for the court to essentially correct a perceived error when there was none. The reason why I ask the question is because you're talking a lot about being responsive to the jury question, and maybe that's incorporated in your objection. I don't know. But that did not seem to be the nature of the objection. Your primary argument today was in the objection, which is, hey, we already agreed upon this. We litigated the case based on this. But I don't understand the jury question to be within the scope of the jury question to have been within the scope of the objection. Is that fair? I think it was in the extent that the to the extent that the original instruction tracked their question, their question addressed. Can we get an interpretation of refusal to pay the Thomas's claim without reasonable cause or excuse? That was American Modern's closing argument. This instruction requires you to find that American Modern refused to pay without reasonable cause or excuse. There was no question from the jury about what does delay mean? Can we consider delay? It was the district court's own action stepping out on its own to correct the perceived error in the original instruction when there was none. And that's where the prejudice takes place. The second point deals with excluded evidence in the first phase of trial involving Aaron Thomas's criminal conviction. Rule six or nine permits criminal convictions to impeach a witness. Your time, your time's getting short, counsel. So I'm going to direct you right to it. Yes, your honor. Most of these cases are criminal cases. What's the closest civil case that's for you? I'm going to ask the other side to. I would say Cummings versus alone. In that case, let me cut the bottom line. In that case, did they keep it out or let it in or redacted or what? I believe that case they allowed it because as here, credibility is paramount. Here we have a classical case of credibility. We have two versions of how this fire happened and where you have credibility at issue and it's paramount. A party should be given every opportunity to impeach the credibility of a witness. And with respect to the court's analysis for Mr. Thomas's statutory rape and two counts of statutory sodomy, the court drew a bright line rule or tried to essentially apply a rule that does not exist. The court said, well, because his convictions do not involve a false statement or dishonesty, then they're too prejudicial. That prejudicial outweighs the probative. And that's not what the rule says here. Even if these crimes of statutory rape and sodomy might be prejudicial, they're not unfairly prejudicial, where, as in the Mosby case in the Cummings versus Malone case, credibility. Paramount. You didn't ask for a redacted version, did you? Just ask something, even some stipulated statement about felony. Correct. Not mention the crime. Correct. Your Honor, I propose to the district court that I be allowed to, in order to address any potential prejudicial argument, to ask Mr. Thomas on cross-examination if he was convicted of a crime that was punishable by over one year and wait for his response. If he said yes, I was done. If he said no, I thought the court should allow me to then follow up with the specific crime. The district court was entertaining that proposition, the suggestion before the next morning. And in the morning we came back and I believe the district court said, I'm keeping it entirely because this conviction essentially is not a crime of dishonesty or false statement, and I believe it's too prejudicial. What about the prejudice to Amy? In the criminal cases, as Judge Benson mentioned, you got one defendant. Here we have two people, and potentially the jury could have held it against the wife as well. Well, I think what's important is Mr. Thomas had a purported alibi of where he was at at the time of the fire, and Mrs. Thomas claimed she was there when the fire happened, and we believe that was untrue. And so Mr. Thomas's credibility being an issue of being paramount in this case, if because he has a felony conviction, is inclined to lie, that would call into question his credibility and also refute her story that she was there by herself. She testified too, right, counsel? Yes, your honor, she did. Thank you. I see that I've cut into my rebuttal time, and unless there's any further questions at this point, I'll yield. Very well, you may reserve it. Thank you, your honor. Mr. Waldron? Yes, your honor, may it please the court. I am Jonathan Waldron. I represent Appalese Aaron and Amy Thomas as their appointed counsel. We believe this is not a difficult case to affirm. All the issues are reviewed under either abusive discretion or plain air standards, but regardless of the standard, the district court did not commit error. Let me first address the supplemental instruction issue. As this court stated in Dupree, law on the subject is crystal clear. To preserve an argument concerning a jury instruction for appellate review, a party must state distinctly the matter objected to and the grounds for the objection on the record. On appeal, American Modern argued that the instruction was unnecessary outside the scope of the question asked, non-neutral, and was prejudicial. However, American Modern made no timely argument to the district court that its instruction was outside the scope of the question asked, was non-neutral, or that was prejudicial, thus giving the district court no opportunity to address those issues before... Counselor, now wait a second. Didn't they clearly say instruct them, you know, the standard Missouri pitch, instruct the jury as to read the instruction previously given, right? They said that clearly. Yes, the only objection that they made, if anything, was on that it was unnecessary to give, stating that there was a prior MAI. Okay, now what does that preserve? We don't believe it preserves anything other than a general... Counselor, they got to preserve something. What's it preserve? Just that it would be error to offer any instruction whatsoever when there was a prior MAI that wasn't objected to. Okay. All right. As this court held in Lopez, you know, an issue is not preserved if a party states on one ground and then objects to the instruction on another, as the district court here did. So, except for possibly the argument that it was unnecessary to give this, they've waived their other arguments here. The question... This court has also held that affirmance is required if a judge answers a jury's question, as long as it's within the scope of the question asked, it's accurate, clear, neutral, and non-prejudicial. That's the Felici case. This is the case whether or not it was necessary to respond to the question. So, that's why we say we don't believe whether it was necessary or not doesn't show error. The law stated by the court and its response was accurate and clear. American Modern didn't raise that issue in their briefing until the very end, but I see now they conceded that issue. So, I'll move on. The scope of the question, the response the jury gave, or the response the court gave to the jury's question was clearly within the scope of the question. The jury's question began, can we get interpretation of refuse to pay? The court responded, vexatious refusal may be found based on refusal to pay, denial of a claim, or delay, but only if that action was without reasonable cause or excuse. That was a clear, accurate statement of the law, and it was clearly within the scope of the question, especially when you consider, as the court did, that they were requesting a copy of the statute, which indicated to her there was some confusion about what vexatious refusal to pay meant, and the court was not required to expound on the underlying portion that asked about without reasonable cause or excuse. That probably would have been a very difficult thing to further expound upon, and there was no suggestion offered of how to respond. The response was also neutral, and for one, the district court did not offer all the examples that the Thomases had requested based on the Hensley case, and that included an inadequate investigation, which we had argued to the jury. Instead, the only example we proposed that the court accepted was the delay should be included, because the court became concerned, as we were, and as we argued, that American Modern's counsel had misstated Missouri law concerning delay in its closing arguments, thus making Instruction 7 unclear. And in reference to the record, as opposing counsel referred to on this question, the court mentioning error in the instruction, what she actually said was that, I believe that the instructions previously given have become misleading, given the arguments presented and the fact that, in fact, we all know what I think we were all thinking, at least I certainly was, about a lot of law that talks about delay being vexatious regarding meeting the statutory standard. And she goes on, but the point is, she believed that because of the misleading statements by opposing counsel in her argument, that her prior instruction, although it was certainly MII-based and accurate at the time, had become misleading. Did this raise fairness concerns, though? I mean, you know, I understand opposing counsel's argument, which is, you know, you change the rules at the very end, right? The rules come at the beginning of the game. They don't come in the middle or the beginning. They come in the end. They're supposed to come at the beginning, and they came at the end in this case, is what I'm meaning to say. And so you change the rules, and you change the game, and they made arguments based on the original rules, which was the original instruction, and changing it after it's all done raises fairness concerns. Judge Strauss, I don't believe there's a fairness concern when counsel intentionally misleads the jury by putting the jury instruction up there and then purposely misstating Missouri law on the issue. There's no right of unfair surprise when you have misstated the law directly to a jury, and then a judge comes back later and corrects that. Did you object at that time when they misstated it? I did not, Your Honor, and here's why. I still had a rebuttal option to come back, and I did, and I correctly instructed the jury on the issue. And I thought that would have taken care of it, but of course, I guess they weighed counsel's arguments equally, and they became confused about what the standard was because they heard two opposite things from counsel during closing argument. Your time's going by rapidly, and it seems to me that the definition of material here is contrary to our Patterson case, and candidly contrary to most of the many Missouri cases. How is that just not a great abuse of discretion as an error of law? Well, first of all, the issue wasn't preserved. Well, counsel, no. The judge says everything they've raised or deemed re-raised at this time about this issue. That's got to save them. It saves it only as to a general objection, Your Honor. When you go back... Counsel, counsel, that's not what it says. Why don't you address the merits here? Sure, I'll address the merits, Your Honor. You may have another judge on your side. Don't mishear me, but I do think when a judge says everything you've raised or deemed re-raised at this time, it's not the record. I've overruled their objection. They were on the record. So, come on. Talk about the merits. If you're talking about the Patterson case that was cited in the... I am. The Patterson eight-circuit case. I'm not sure because the Patterson case, that's a mis-citation, Your Honor. Those quoted language right above the Patterson site doesn't appear in Patterson. And so, I'm not sure where that comes from. Well, counsel, how about general casualty, Vitale, Young? I've got four or five of these eight-circuit cases that all say that reliance is not required in the jury instruction for unapproved alleged claims. Certainly, Your Honor. As to... You really don't even need to consider it because of the fact that the instruction given doesn't have a reliance requirement. The jury instruction given says, as used in these instructions, a misrepresentation is material if the fact misrepresented, if stated truthfully, would likely affect the conduct of those engaged in the insurance business acting reasonably and naturally in accordance with the practice usual among such insurance companies under such circumstances. That's from the Mears case, which is the Missouri State Court of Appeals that approved that language as being accurate. And that is the closest instruction definition of material in this type of case that we have in Missouri. Opposing counsel merely presented two other alternate cases. One was an eighth-circuit case applying Arkansas law, which the court found not to be persuasive. And the other one was the Tweedle case. I'm sorry, that was the Tweedle case. The other one was the Hensley case, I believe. It wasn't Hensley. The other case that they cited, though, was a very general description as the court distinguished that one and said, look, this wasn't like the court blessed this. It just wasn't preserved as an objection because they didn't offer an alternative suggestion. And so we can't find error when they failed to offer something to the district court as an alternative instruction, so we're not going to find that that's error to offer the one that they had there. Are all your cases about application process and not about claims? There is. I think that one, it did involve an application. It may have also involved the claim portion, but there's not a distinction that is present in the law. The state counsel... Has the Missouri court ever said that? There's no distinction in the two? I'm not aware of any that has... And I'm not either, but go ahead. Yeah, thanks. And as the district court here found in its ruling, it's really a distinction without a claim, primarily because of the fact that there was no reliance requirement in the instruction. But here's the funny thing about this, is had there been a reliance portion here, American Modern would have lost its entire case on judgment at the end because that was part of the argument made that they didn't present any evidence that this was a material statement. Material is what is in the contract, and so they have to prove that it was material, and the definitions they provided just didn't provide a definition that anything could be considered material. There was really no distinction there, and so certainly... Counsel, two or three, let me interrupt you. Two or three of their definitions match the dictionary, the unabridged, that, as you know, the Missouri Supreme Court uses. So why, how do you say they don't reflect the law in Missouri? I will concede that it may have been within the judge's discretion to offer that definition, but that discretion is broad, and certainly it was within Judge Perry's discretion to offer this particular definition of material, Your Honor. This is a strange definition to follow up on Judge Benton. It's not an actual reliance instruction, but it's like a reasonable reliance instruction in the sense that what they're saying is a reasonable insurer might change the way they act based on this. And you say that comes just from the application process. I mean, what's... Is there any other support for a reasonable reliance type instruction? Well, I think this was an MAI instruction, but the term material was not defined by MAI, and so there's certainly broad discretion for the district court at that point. And whether she used the dictionary or the case we proposed, the Mears case, which was blessed by the Missouri Supreme... Missouri Appellate Court as being a definition. And I agree that... And I think opposing counsel even agrees there hasn't been a Missouri case that really distinguished between the application process and during the claim. And for that reason, it'd be, I think, amazing to say that this court used its discretion here when there wasn't a Missouri case that said you can't do this, and the only Missouri case that found this to be okay. And so let's keep this in perspective. We're talking about the definition of the term material, right? The court just had to offer a definition that was reasonable, and I think that this does it. It doesn't require American Modern to say, look, if you only had 49 video games and you claimed 50 that were destroyed in the fire, therefore, you're... That's material. There has to be something to this that would make a difference in some way, and I think this instruction fairly provides that without requiring reliance by American Modern, just that it would likely affect some conduct in some way. What relevance? So, you know, we're balancing here a little bit the instructions that were given by both parties as to correctness, and I understand you can correct me if I'm wrong, but I have a note here that says that the opposing counsel's instruction was having some bearing on the matter, and I'm just going to ask you, in your view, what's wrong with that instruction, if anything? I believe that may have been from the case that applied Arkansas law. I'm not saying that that would have been an error to provide that instruction. That's not something we have to decide. The only issue here is, did the court commit plain error or abuse of discretion in offering the definition that it did? I don't think there's any basis to say that that happened here. Mr. Waldron, if I can change this subject a little bit. Can you point us to any civil cases in the Eighth Circuit in which we affirmed a district court's exclusion of a party's status as a convicted felon? Status as a convicted felon? I'm not talking about the details of the felony. I'm just talking about the status as a felon. Not that I can recall off the top of my head. I will say that the Cummings case, which was brought up before Judge Benton, I want to answer your question about that case. That case is highly distinguishable here, although it's probably the closest thing American Modern has to show, because all of the other cases that they cited, it was either that it was an affirmance that the district court didn't abuse its discretion in offering or allowing something in. This is the only one where there was a problem found with a district court not allowing evidence of conviction. Here, it's highly distinguishable for a couple of reasons. First, the inmate plaintiff's prior convictions were admitted not just because of the assessment that the inmate's credibility was paramount to the outcome of the case, but because it would have revealed a prior and consistent statement made by the plaintiff. The prior convictions were directly relevant to impeach Cummings' statement that he did not strike the defendant Plemons when Cummings had been convicted of assaulting Plemons. Further, the trial court there failed to carefully weigh the probative value of these convictions against their prejudice in excluding them, believing that the number of convictions was irrelevant. Here, the district court performed a reasoned analysis and performed it within its credibility. Mr. Thomas's credibility was not paramount in this case like it was in Cummings. Here, the jury heard testimony from four different experts, received scores of photographs, listened to audio recordings and fire interviews and a 911 call. They watched video recorded interrogation and evaluated scores of exhibits. Much of Mr. Thomas's testimony was corroborated by other witnesses, and it's not the situation where in Cummings where it was a strictly he said, she said case with no other type of evidence like that. And lastly, I know my time's running out. I just wanted to address, um, the, I don't have my other notes here. Oh, with regard to, um, well, I see my time's expired, so I'll just let it go. And this is other questions from the court. Very well. Thank you, Mr. Wilder. Roboto. Yes, Your Honor. With respect to Thomas's counsel's argument that there was some misstatement by counting closing argument by counsel for American modern, I would ask the court again to review the entirety of the closing argument. There was no misstatement of law. The argument was focused on the jury instruction that was submitted and that the Thomas's had failed to prove that American modern refused to pay the claim without reasonable cause or excuse. That was the instruction that was provided, and there was no misstatement of the law. As this court noted, there is a significant difference between misrepresentation in the application process and misrepresentation in the proof of law. So in the claims handling, this goes to the issue of the misstatement of the law regarding materiality on this matter. Okay, what's the best Missouri case that really says that? There is no specific Missouri case on this point, and Mr. Waldron has also acknowledged that, but there is the Patterson v. State Auto Mutual Insurance Company case, Eighth Circuit, Vitali v. Aetna, General Casualty v. Holst. There are other cases cited in American modern's brief that specifically rejected the argument that is essentially contained in the definition provided by the Thomas's counsel to the court that the court used, which essentially transfers a burden on American modern in an improper way to have to show reliance. There's a difference when an insured is filling out an application with a number of questions, and there's a broker involved. There has to be some reliance there in order to void the policy, but here where we have policy language that says that there's a false statement avoids the and you have a claim presented by an insured for specific recovery of insurance proceeds under the policy, there is no reliance requirement. I want to ask you one more question along these lines. Have a bearing on the matter. That sounds like the standard for relevance and evidence, and I know that some cases have approved that in other contexts, but that seems so broad that it would cover, well, he called me on Tuesday, but he said he called me on Tuesday, but he said he called me on Wednesday. Well, that has some bearing on the matter, but I don't think that's exactly material to insurers, and so I just want your best argument that your proposed alternative was a correct statement of law. That proposal by American modern using that definition has been approved by various courts that are, and they're cited, they're controlling case law. The other side of the coin, which is what happened here is that the burden was shifted to American modern improper to show reliance and the courts in this jurisdiction have said, no, that's not proper. That is not required to be shown by American modern. They relied on this information only that it was false based on the insurance policy contract language. American modern requests that this court reverse the district court's order denying American modern's motion for a new trial and remand the case for a new trial. Thank you. Thank you, counsel. We appreciate both of your arguments and appearance today. Case is submitted and will be decided in due course.